UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌──────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____                │
│ DATE FILED:  3/16/2026           │
└──────────────────────────────────┘
```

---

TIANYI WEI,

                    Plaintiff,

    -v-

ERIK FANGSHEN WANG; XIANJUN
MENG *a/k/a* JACKY MENG; SILVIA SIU
*a/k/a* XIAO BING; JAMES HUANG *a/k/a*
HUANG JIN; AMERICAN NORTHERN
MARIANAS REGIONAL CENTER, LLC;
and BRIDGE INVESTMENT GROUP, LLC
*a/k/a* BIG,

                    Defendants.

---

No. 25-cv-1886 (MKV)

OPINION AND ORDER
GRANTING
MOTIONS TO DISMISS

MARY KAY VYSKOCIL, District Judge:

Plaintiff Tianyi Wei, a citizen of China who resides in Saint Kitts and Nevis, filed this action, invoking the Court's diversity jurisdiction, alleging that Defendants committed fraud, and other violations of state law, in connection with a real estate project in the United States Northern Mariana Islands [ECF No. 1]. Defendants thereafter moved to dismiss for lack of subject matter jurisdiction, offering evidence that several defendants are foreign citizens [ECF Nos. 32, 33]. Because Plaintiff has failed to show that the parties are completely diverse, and for all the reasons set forth below, Defendants' motions to dismiss are GRANTED.

## I.    BACKGROUND

### A. Facts[1]

Plaintiff Tianyi Wei is a citizen of China who resides in Saint Kitts and Nevis. Compl. ¶

---

[1] The facts underlying Plaintiff's claims and "all uncontroverted facts" are taken from the Complaint [ECF No. 1 ("Compl.")]. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, because Defendants "make a fact-based Rule 12(b)(1) motion,

14.  Her claims relate to the construction of the "Tinian Wyndham Ocean View Resort located in the United States Northern Mariana Islands" (the "Project").  *Id.* ¶ 1.  Plaintiff alleges that the Project "purported to be an exclusive, luxury travel destination funded by foreign investors under a [United States Citizenship and Immigration Services ('USCIS')]-approved EB-5 investment program."  *Id.*  Plaintiff allegedly invested $800,000.00, plus a $80,000 administrative fee, which she was told would entitle her to an ownership share in the resort and "an investment-based permanent resident status in the United States."  *Id.* ¶¶ 2, 3, 8.

However, Plaintiff alleges, "[t]he Project turned out to be a deliberate investment fraud," and "Defendants embezzled the investors' funds totaling nearly $70 million."  *Id.* ¶ 3.  After eight years, instead of a luxury travel destination, the resort "was nothing more than a refurbished warehouse and a two-story apartment building half of which was converted into 'hotel rooms' and the other half used exclusively as Defendant Bridge Investment Group, LLC's onsite office suite."  *Id.* ¶ 6.  Plaintiff further alleges that USCIS discovered the fraud, and "revoked" the Project, meaning Plaintiff was "no longer eligible to receive permanent residency status in the United States under the EB-5 Program."  *Id.* ¶ 9.

In the Complaint, Plaintiff alleges that "[j]urisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(2) because this is a civil matter in excess of the statutory minimum . . . between (i) a citizen of a foreign state (China) . . . and (ii) citizens of the United States."  *Id.* ¶ 30.

She alleges that "Defendant Erik Fangshen Wang . . . is a United States citizen domiciled in the State of Maryland."  *Id.* ¶ 22.  Plaintiff alleges that Wang is "the sole member" of Defendant

---

proffering evidence" as to the question of diversity jurisdiction, Plaintiff is not entitled to rely on her jurisdictional allegations in the Complaint.  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016); *see Guadagno v. Wallack Ader Levithan Assocs.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996) ("no presumptive truthfulness attaches to the complaint's jurisdictional allegations"). Rather, with respect to the jurisdictional facts, the Court "has the power and obligation to decide issues of fact by reference to evidence outside the pleadings," including, here, the affidavits and exhibits attached to the parties' submissions [ECF Nos. 32, 33, 37]. *Tandon*, 752 F.3d at 243 (2d Cir. 2014) (internal quotation marks and citation omitted).

American Northern Marianas Regional Center, LLC ("ANMRC"), which "is a limited liability company organized under the laws of the United States Commonwealth of the Northern Mariana Islands with its principal place of business" in "Tinian, United States." *Id.* ¶ 20. Plaintiff alleges that, as such, ANMRC is a citizen of Maryland. *Id.*

Plaintiff alleges in the Complaint that "Defendant Xianjun Meng . . . is a United States citizen domiciled in the State of New York." *Id.* ¶ 23. She further alleges that "Meng is married to Defendant Silvia Siu" and that they share a residence in Scarsdale. *Id.*; *see id.* ¶¶ 23, 24. However, Meng submits an affidavit in which he attests that he is "currently, and at all times relevant was, a citizen of the People's Republic of China" [ECF No. 32-2 ("Meng Aff.")] ¶ 4]. He submits a copy of his Chinese passport [ECF No. 32-3]. He expressly denies that he resides in New York. Meng Aff. ¶ 3 ("I do not reside in the State of New York.").

Similarly, Plaintiff alleges in the Complaint that "Defendant Silvia Siu . . . is a United States citizen domiciled in the State of New York." Compl. ¶ 24. However, Sui submits an affidavit in which she attests that she is "currently, and at all times relevant was, a citizen of the Canada" [ECF No. 32-6 ("Sui Aff.")] ¶ 4]. She submits a copy of her Canadian passport [ECF No. 32-7]. She expressly denies that she resides in New York. Sui Aff. ¶ 3.

Plaintiff alleges, only "[u]pon information and belief" that "Defendant James Huang . . . is a United States citizen domiciled in the State of New York." Compl. ¶ 26. She offers no further allegations about Huang's citizenship. Huang, however, submits an affidavit in which he attests that he is "currently, and at all times relevant was, a citizen of the People's Republic of China" [ECF No. 32-4 ("Huang Aff.")] ¶ 4]. He submits a copy of his Chinese passport [ECF No. 32-5]. He further attests: "I do not reside in the State of New York or any other jurisdictions [sic] of the United States." Huang Aff. ¶ 3.

Plaintiff alleges in the Complaint that "Defendant Bridge Investment Group, LLC . . . is a limited liability company organized under the laws of the United States Commonwealth of the Northern Mariana Islands with its principal place of business" in Tinian. Compl. ¶ 25. She alleges, "[u]pon information and belief," that Bridge has three members: Wang, Meng, and Siu. *Id.* ¶ 25. Plaintiff alleges that Bridge "is thus a citizen of the State of Maryland and of the State of New York." *Id.* However, as stated above, Meng and Siu submit evidence that they are citizens of China and Canada, not New York. *See* Meng Aff. ¶¶ 2–4; Siu Aff. ¶¶ 2–4.

## B. Procedural History

Before initiating this action, Plaintiff filed a substantially similar action before another judge in this District against the defendants in this action and others [25-cv-1567 (JMF) ("*Wei I*"), ECF No. 1]. After directing Plaintiff to amend the complaint to properly allege the citizenship of all defendants, the judge *sua sponte* dismissed the amended complaint in *Wei I* for lack of subject matter jurisdiction [25-cv-1567 (JMF), ECF Nos. 4, 8]. The judge ruled "that 'diversity [was] lacking'" under 28 U.S.C. § 1332(a)(2) because Plaintiff and one of the defendants named in *Wei I* "are both citizens of foreign states" [25-cv-1567 (JMF), ECF No. 8 at 1–2 (quoting *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002))].[2]

The same day that *Wei I* was dismissed, Plaintiff commenced this action by filing the Complaint [ECF No. 1 ("Compl.")].[3] Counsel filed a notice of appearance on behalf of Defendants Meng, Siu, Huang, and Bridge Investment Group, LLC ("Bridge" and, together with Meng, Siu,

---

[2] The defendant that Judge Furman identified as a foreign citizen that destroyed subject matter jurisdiction in *Wei I*, Canbo International Group, Ltd., is not named as a defendant in this case. Notably, however, Plaintiff alleges in the Complaint in this case that "[n]on-party Canbo International Group, Ltd. ('Canbo') is a Beijing-based marketing company *owned by [Defendants] Meng and Siu* that promoted the Project to Plaintiff." Compl. ¶ 27.

[3] The Complaint in this case names all of the same defendants Plaintiff named in the amended complaint in *Wei I* except Canbo.

and Huang, the "Bridge Defendants") [ECF No. 22].[4]  Separate counsel appeared for Defendants Wang and ANMRC [ECF No. 24].

Pursuant to the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), Defendants filed pre-motion letters requesting leave to file motions to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction [ECF Nos. 26 ("ANMRC PML"), 27 ("Bridge Defs. PML")].[5]  Both sets of defendants asserted in their pre-motion letters that Meng and Huang are citizens of the People's Republic of China, Siu is a citizen of Canada, and Bridge is a citizen of China because Meng is a member of Bridge.  ANMRC PML at 1; Bridge Defs. PML at 1–2.  Wang and ANMRC further argued that "Plaintiff was on notice" of these issues because of the dismissal of *Wei I* and that Plaintiff could not "simply drop[] the non-diverse defendants" because "they are necessary parties whose joinder is required pursuant to Fed. R. Civ. P. 19."  ANMRC PML at 2 & n.4.[6]  Plaintiff filed a letter in response arguing, in effect, that Defendants should have provided "concrete evidence" of foreign citizenship in their pre-motion letters [ECF No. 28].

In response to the pre-motion letters, the Court issued an order granting Defendants leave to file motions to dismiss and granting Plaintiff leave to amend her pleading before any such motion was filed [ECF No. 29 ("Order Scheduling Briefing")].  In its Order Scheduling Briefing,

---

[4] Plaintiff filed affidavits of service as to each of the Bridge Defendants attesting that summonses were issued to an attorney named Jing An, who is not counsel for the Bridge Defendants in this case.  The Bridge Defendants attest that An was not authorized to accept service on their behalf and argue that lack of proper service is another grounds for dismissal [ECF Nos. 32-1 ("Bridge Defs. Mem.") at 10; 32-2 ("Meng Aff.") ¶ 7; 32-4 ("Huang Aff.") ¶ 7; 32-6 ("Siu Aff.") ¶ 7; 32-8 ("Bridge Aff.") ¶ 2).  The Court does not reach this argument because it dismisses the case for lack of diversity, as explained below.

[5] The Bridge Defendants also sought leave to dismiss for lack of proper service and lack of personal jurisdiction based on lack of service [ECF No. 27].

[6] Wang and ANMRC argued that "Plaintiff's decision" to file a new case in federal court on "the same day" *Wei I* was dismissed for lack of subject matter jurisdiction "without having done any additional investigation is deeply troubling, and borders on vexatious litigation."  ANMRC PML at n.4.

the Court directed Plaintiff to file a letter informing the Court and Defendants whether Plaintiff intended to file an amended complaint. Order Scheduling Briefing at 1. The Court expressly warned Plaintiff, in bold typeface: "**This will be Plaintiff's last opportunity to amend in response to any issue raised in the parties' pre-motion letters.**" *Id*. (emphasis in original).[7] Plaintiff, however, filed a letter stating: "Plaintiff Tianyi Wei hereby informs the Court and Defendants that Plaintiff does not seek to amend the Complaint" [ECF No. 31 ("Plaintiff's Letter Declining To Amend")].

The Bridge Defendants timely filed a motion to dismiss accompanied by a memorandum of law, affidavits, and exhibits [ECF Nos. 32, 32-1 ("Bridge Defs. Mem."); 32-2 ("Meng Aff."); 32-3 ("Meng Passport"), 32-4 ("Huang Aff."); 32-5 ("Huang Passport"), 32-6 ("Siu Aff."); 32-7 ("Siu Passport"); 32-8 ("Bridge Aff.")]. The Bridge Defendants argue that the Court lacks subject matter jurisdiction because Plaintiff and Defendants Meng, Siu, Huang, and Bridge are all foreign citizens. Bridge Defs. Mem. at 7. Wang and ANMRC also filed a motion to dismiss, accompanied by a memorandum of law [ECF Nos. 33, 33-1 ("ANMRC Mem.")]. They likewise argue that the Court lacks subject matter jurisdiction and urge the Court not to grant Plaintiff leave, again, to amend. *See* ANMRC Mem. at 5.

Plaintiff filed an opposition to both motions in which she principally argues, and offers some evidence, that Meng and Siu reside in New York [ECF No. 37 ("Opp.")]. Plaintiff concedes, however, that "the presence of Huang as a party-defendant may destroy complete diversity." Opp. at 3. She requests "jurisdictional discovery as it concerns Huang's citizenship" or leave to file an amended complaint removing Huang as a defendant. *Id.* at 3–4. Defendants filed reply briefs in further support of their motions to dismiss [ECF Nos. 38, 39].

---

[7] The Court also warned that failure to comply with court orders might result in sanctions. Order Scheduling Briefing at 2.

## II.    LEGAL STANDARDS

A court properly dismisses a case for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 416–17 (2d Cir. 2015).  Crucially, it is the "plaintiff asserting subject matter jurisdiction" who "has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  As relevant here, diversity jurisdiction exists when the action is between "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2) ("Section 1332(a)(2)").  "However, diversity is lacking within the meaning of [this section] where . . . on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing*, 293 F.3d at 581; *see Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020); *Suedrohrbau Saudi Co. v. Bazzi*, 2023 WL 1807717, at *2 (2d Cir. Feb. 8, 2023) (explaining that "the presence of aliens on two sides of a case destroys diversity jurisdiction").

## III.    DISCUSSION

Plaintiff asserts in the Complaint that jurisdiction is proper pursuant to Section 1332(a)(2). Compl. ¶ 30.  However, evidence establishes that this is a case in which "on one side there are citizens and aliens and on the opposite side there [is] only [an] alien[]." *Universal Licensing*, 293 F.3d at 581.  As such, as Plaintiff concedes, she has not met her burden to prove that subject matter jurisdiction exists in this case. *Makarova*, 201 F.3d at 113.  Moreover, Plaintiff previously had a substantially similar case dismissed for lack of subject matter jurisdiction (after an opportunity to amend in that case), immediately filed this case without properly establishing subject matter jurisdiction, and expressly declined the opportunity to amend before Defendants filed their motions to dismiss for lack of subject matter jurisdiction.  As such, Plaintiff has not justified her belated

demand for another opportunity to cure her defective pleading. *See Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004); Order Scheduling Briefing at 1–2.

**A.  As Plaintiff Concedes, the Parties Are Not Completely Diverse.**

Where, as here, a defendant files a "fact-based Rule 12(b)(1) motion, proffering evidence" that the parties are not diverse, the plaintiff is not entitled to rely on the jurisdictional allegations in her pleading to survive dismissal. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016); *see Guadagno v. Wallack Ader Levithan Assocs.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996) ("no presumptive truthfulness attaches to the complaint's jurisdictional allegations"). Rather, while "the district court must [accept] all uncontroverted facts in the complaint," where "jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and citation omitted). The plaintiff "need[s] to come forward with evidence" to prove by a preponderance that jurisdiction exist. *Carter*, 822 F.3d at 57; *see Tandon*, 752 F.3d at 243.

As Plaintiff effectively concedes, in this case, "diversity is lacking" because Plaintiff is an alien only and Defendants are both "citizens and aliens." *Universal Licensing.*, 293 F.3d at 581; *see* Opp. at 3. It is undisputed in this case that Plaintiff is a citizen of China who resides in Saint Kitts and Nevis. Compl. ¶ 14; *see Tandon*, 752 F.3d at 243. In the Complaint, Plaintiff asserts "[u]pon information and belief" that Huang "is a United States citizen domiciled in the State of New York." Compl. ¶ 26. However, Huang submits evidence that those assertions are "false." Huang Aff. ¶ 2. He offers evidence that he is a citizen of China and he does not reside in New York, or anywhere else in the United Sates. *See id.* ¶¶ 3, 4; Huang Passport.

8

Given the record evidence to the contrary, the bare assertions in Plaintiff's Complaint about Huang's citizenship are entitled to no weight, and Plaintiff has not come forward with any evidence to prove that Huang is a citizen of the United States for purposes of diversity jurisdiction. *See Carter*, 822 F.3d at 57; *Guadagno*, 932 F. Supp. at 95. On the contrary, Plaintiff concedes that "the presence of Huang as a party-defendant may destroy complete diversity." Opp. at 3. Based on the Court's review of the evidence in this case, both Plaintiff and Huang are foreign citizens or subjects. *Tandon*, 752 F.3d at 243; *contra* 28 U.S.C. § 1332(a)(2). The Second Circuit has repeatedly held that "the presence of aliens on two sides of a case destroys diversity jurisdiction." *Suedrohrbau Saudi*, 2023 WL 1807717, at *2 (quoting *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980)); *see Tagger*, 951 F.3d at 127 ("federal courts do not have diversity jurisdiction over lawsuits between two foreign parties"). Accordingly, for this reason alone, it is appropriate for the Court to dismiss this case for lack of subject matter jurisdiction. *See Cortlandt St. Recovery*, 790 F.3d at 416–17; *Makarova*, 201 F.3d at 113.

**B.  Plaintiff Is Not Entitled to Jurisdictional Discovery.**

Having conceded that the parties are not completely diverse, Plaintiff argues that "Plaintiff should, *in the least*, be permitted to take jurisdictional discovery" as to Huang's domicile to determine whether she might have an argument for diversity jurisdiction. Opp. at 23 (emphasis added); *see id.* at 16–18. This argument fails for two reasons. First, Plaintiff misunderstands the law governing the citizenship of an alien for purposes of diversity jurisdiction under Section 1332(a)(2). Second, Plaintiff has not offered a shred of evidence or argument to justify granting her jurisdictional discovery.

Plaintiff posits that she can establish diversity jurisdiction if she can prove that Huang lives in the United States, but controlling precedent dictates otherwise. "Generally, 'an individual's

citizenship, within the meaning of the diversity statute, is determined by his domicile,'" meaning his true fixed home to which he intends to return from any absence. *Tagger*, 951 F.3d at 126 (alterations adopted) (quoting *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019)); *see Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). However, the Second Circuit has squarely held that "a foreign citizen who resides in, and is a permanent resident of, the United States is 'an alien for the purposes of diversity jurisdiction.'" *Suedrohrbau Saudi*, 2023 WL 1807717, at *2 (quoting *Tagger*, 951 F.3d at 126); *see Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024); *Chenming Holdings (Hong Kong) Ltd. v. Sklarov*, 24-cv-935 (KPF), 2025 WL 2695281, at *7 (S.D.N.Y. Sept. 22, 2025) ("Individuals who do not have United States citizenship are not considered domestic citizens under § 1332, irrespective of their domicile"). Thus, even if Plaintiff were to uncover evidence that Huang in fact resides, and even has legal permanent resident status, in a U.S. state, Huang would still be "an alien for the purposes of diversity jurisdiction." *Tagger*, 951 F.3d at 126.[8]

Furthermore, even if jurisdictional discovery were not futile, Plaintiff has failed to offer any evidence or allegations whatsoever to justify granting her such discovery. *See Gualandi*, 385 F.3d at 244. Plaintiff asserts only "[u]pon information and belief" that Huang "is a United States citizen domiciled in the State of New York." Compl. ¶ 26. In general, "citizenship allegations made upon information and belief . . . are insufficient to allege diversity jurisdiction." *Mukamal v. Onexxx Prod. & Expl. Corp.*, 25-cv-3493 (PKC), 2025 WL 1617135, at *1 (S.D.N.Y. June 6, 2025); *see Hous. & Redevelopment Ins. Exch. v. Guy Carpenter & Co., LLC*, 24-cv-02412 (MKV), 2025 WL 833876, at *2 (S.D.N.Y. Mar. 17, 2025) (collecting cases). Moreover, Plaintiff has not

---

[8] "Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal quotation marks and citations omitted).

offered a shred of information to support such a belief. *See Carter*, 822 F.3d at 57. To justify discovery in this posture, *i.e.*, "resisting a motion to dismiss under Rule 12(b)(1)," Plaintiff was required to "file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi*, 385 F.3d at 244. Plaintiff has not done any of that. Rather, she merely cites inapt cases granting discovery as to *personal jurisdiction*, which is not the issue here, because the plaintiff had made a "sufficient start toward establishing" personal jurisdiction over the defendant. Opp. at 16 (quoting *Allojet PLC v. Vantgage Assocs.*, 04-cv-05223 (SAS), 2005 WL 612848, at *7 (S.D.N.Y. Mar. 15, 2005)); *see id.* at 16–18.

## C. Plaintiff Is Not Entitled to Leave To Amend.

Plaintiff argues that, in the alternative, if the Court will not grant jurisdictional discovery, it should allow her to file an amended complaint "drop[ping] Defendant Huang." Opp. at 23. While arguing that leave to amend should be freely granted, Plaintiff fails even to acknowledge that the Court previously granted Plaintiff leave to amend, and she expressly declined to do so. *See* Opp. at 23–24; *see also* Plaintiff's Letter Declining To Amend. Plaintiff also fails to address that she previously filed a substantially similar action, *Wei I*, amended her complaint in that action, and, thereafter, received express notice "that 'diversity is lacking'" where Plaintiff and one of the defendants "are both citizens of foreign states" when the presiding judge dismissed *Wei I* [25-cv-1567 (JMF), ECF No. 8 at 1–2 (quoting *Universal Licensing*, 293 F.3d at 581]. Instead of taking time to investigate and make sure that she could establish subject matter jurisdiction, Plaintiff immediately filed this defective action and, thereafter, declined the opportunity to cure it. Plaintiff

11

has not shown good cause to give her another opportunity to amend now.  *See Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).

As explained above, pursuant to the Court's Individual Rules, Defendants filed pre-motion letters outlining the precise arguments that they later raised in their motions to dismiss.  *See* Bridge Defs. PML; ANMRC PML.  The Court thereafter issued an order granting Plaintiff leave to amend the Complaint in response to those arguments before Defendants filed their motions.  *See* Order Scheduling Briefing.   The Court expressly warned Plaintiff: "**This will be Plaintiff's last opportunity to amend in response to any issue raised in the parties' pre-motion letters.**"  *Id*. at 1 (emphasis in original).  Plaintiff, however, declined to amend.  *See* Plaintiff's Letter Declining To Amend ("Plaintiff Tianyi Wei hereby informs the Court and Defendants that Plaintiff does not seek to amend the Complaint.").

The Court has "inherent authority" to manage its docket "with a view toward the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).  Pursuant to that authority, the Court requires defendants to file pre-motion letters before filing motions to dismiss, and regularly grants plaintiffs leave to amend their pleadings to cure obvious deficiencies before the parties and the Court expend resources on motion practice.  *See* Individual Rules § 4(A)(i); Order Scheduling Briefing at 1.  The Court's orders and warnings are not mere advice.  *See Dietz*, 579 U.S. at 47; *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004).  Indeed, in its order granting Plaintiff leave to amend and warning that it was her last opportunity, the Court warned Plaintiff that failure to comply with its orders and rules might result in sanctions.  *See* Order Scheduling Briefing at 1–2.

"Where, as here, a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced

12

against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes*, 568 F.3d at 335–36 (internal quotation marks and citations omitted); *see Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2003).  Plaintiff here cites only the lenient standard under Rule 15 and makes no effort to show good cause under Rule 16. *See* Opp. at 23–24.  Indeed, she fails to acknowledge the pertinent Order Scheduling Briefing and the applicable standard in light of that Order.  *See id.*

In any event, even under the more lenient standard, Plaintiff's proposed amendment would be futile.  *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Plaintiff proposes to "drop Defendant Huang" from the case.  Opp. at 23.  However, that amendment would not create diversity jurisdiction, since Meng and Siu are also "alien[s] for the purposes of diversity jurisdiction." *Tagger*, 951 F.3d at 126.

As explained above, Meng and Siu submit affidavits and passports as evidence that they are citizens of China and Canada, respectively, and "do not reside in the State of New York." *See* Meng Aff. ¶¶ 2–4; Meng Passport; Siu Aff. ¶¶ 2–4; Siu Passport.  Plaintiff devotes much of her brief to arguments and evidence that Meng and Siu are, nevertheless, domiciled in New York.  *See* Opp. at 3, 13–15.  She submits evidence that Meng and Siu own a home in Scarsdale, Siu has a New York State driver's license, and various other indicia tie both Meng and Siu to New York. *See id.*  However, as explained above, Meng and Siu, who are citizens or subjects of foreign countries, are not citizens of New York for purposes of diversity jurisdiction, even if they are domiciled here.  *See Windward Bora*, 110 F.4th at 126–27; *see Chenming Holdings*, 2025 WL 2695281, at *7.  In addition, under Second Circuit precedent, Bridge "adopts the national

13

citizenship(s) of" its members Meng and Siu, which means Bridge, too, is not diverse for purposes of Section 1332(a)(2).[9] *Windward Bora*, 110 F.4th at 128.

Accordingly, amending the Complaint to remove Huang would not cure Plaintiff's failure to establish subject matter jurisdiction in this case. As noted above, Wang and ANMRC argue that Plaintiff should not be permitted to amend her pleading to remove all of the Bridge Defendants on the ground that they are indispensable parties. *See* ANMRC Mem. at 4–6. The Court, however, need not reach this argument because Plaintiff does not seek leave to amend in that manner, and, as explained above, has not shown good cause to amend at all at this juncture. Thus, for the reasons set forth above, this case is dismissed without prejudice for lack of subject matter jurisdiction. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017).

## IV.     CONCLUSION

Defendants' motions to dismiss [ECF Nos. 32, 33] are GRANTED. This case is dismissed, without prejudice, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

The Clerk of Court respectfully is requested to close all pending motions and to close this case.

**SO ORDERED.**

**Date:  March 16, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

---

[9] The Bridge Defendants also submit that there are other members of Bridge who are Chinese citizens [ECF No. 34]. *See* Bridge Defs. Mem. at 4.